Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| KAROLINE LINNETTE PÉREZ CALDERÓN<br><br>Demandante-Apelante<br><br>v.<br><br>DAVID OMAR ROJAS SOSA<br><br>Demandado-Apelado | KLCE202301013 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022RF00600 (301)<br><br>Sobre:  Alimentos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

El Tribunal de Primera Instancia ("TPI") dejó sin efecto una pensión alimentaria final que se le impuso a un padre luego de que, ante su incumplimiento con las órdenes del tribunal, se le imputara capacidad económica.  Según se explica en detalle a continuación, en el ejercicio de nuestra discreción, declinamos intervenir con la decisión del TPI de re-abrir el asunto de la pensión final que deberá imponerse.

I.

En agosto de 2022, la Sa. Karoline L. Pérez Calderón (la "Madre") presentó la acción de referencia en contra del Sr. David O. Rojas Sosa (el "Padre") en beneficio de una hija de menor edad procreada por las partes (la "Hija").

El 5 de octubre, durante la celebración de una vista de fijación de pensión alimentaria, las partes **estipularon una pensión alimentaria provisional de $350.00 mensuales**, retroactiva al 30 de agosto de 2022.  Subsiguientemente, ambas partes sometieron sus Planillas de Información Personal y Económica (PIPE).

Luego de algunos trámites procesales, el 6 de diciembre, el entonces representante legal del Padre presentó una *Moción de Relevo de Representación Legal.* En síntesis, solicitó ser relevado de la representación legal del Padre por falta de comunicación con este. Además, solicitó que le concedieran treinta (30) días al Padre para que anunciara nueva representación legal. El 9 de diciembre, el TPI declaró *Ha Lugar* la solicitud de relevo de representación, sin ningún otro pronunciamiento al respecto.

El 9 de diciembre, la Madre interpuso una *Moción Solicitando Remedio* en la cual informó que, **desde el 18 de octubre, le cursó al Padre un Primer Pliego de Interrogatorio, pero que el Padre no lo había contestado**. Solicitó que el TPI ordenara el cumplimiento al Padre en cinco (5) días, so pena de sanciones económicas.

El 12 de diciembre, el TPI emitió una *Orden* en la cual le ordenó al Padre contestar el interrogatorio en un término de cinco (5) días, so pena de severas sanciones económicas. El 4 de enero de 2023, la Madre instó una *Moción Solicitando Remedio Urgente* en la cual informó que el Padre no cumplió con lo ordenado. Solicitó la imposición al Padre de sanciones económicas y que se le ordenara contestar en un término de 5 días finales. De no cumplir el Padre con lo ordenado, la Madre requirió que se le "imputara capacidad económica" al Padre.

**El 10 de enero de 2023, el TPI le impuso al Padre una sanción económica de $200.00** a favor de la Madre y le ordenó contestar el interrogatorio en un término de cinco (5) días, bajo la advertencia de imputarle capacidad económica. El 24 de enero, el TPI ordenó a la Madre informar si el Padre cumplió con el pago de la sanción económica impuesta.

El 27 de enero, la Madre incoó una *Moción Solicitando Remedio Urgente.* En síntesis, informó que el Padre desatendió la orden y no

había contestado el interrogatorio. **El 31 de enero, el TPI emitió una *Orden* mediante la cual le imputó capacidad económica al Padre**. Además, refirió el asunto al Examinador de Pensiones Alimentarias (el "Examinador").

El 17 de abril, la Madre presentó una *Moción Desacato*. Informó que, **desde febrero de 2023, el Padre no había realizado pagos por concepto de pensión alimentaria** y adeudaba en ese momento $1050.00. En vista de lo anterior, solicitó una vista urgente de desacato.

El 18 de abril, el TPI le concedió al Padre un término de quince (15) días finales para pagar la deuda total de pensión alimentaria, bajo apercibimiento de desacato y arresto. Subsiguientemente, el 22 de mayo, el TPI le requirió a la Madre que, en diez (10) días, informara si el Padre había pagado la deuda de pensión alimentaria.

El 23 de mayo, la Madre instó una *Moción Desacato* en la cual informó que **el Padre no había hecho pago alguno por concepto de pensión alimentaria**. Aseveró que la deuda ascendía a $2,100.00 y solicitó una vista de desacato. El 24 de mayo, el TPI señaló la vista de desacato para el 6 de julio.

El 5 de junio, el Examinador celebró una vista de fijación de pensión. Del correspondiente *Informe*, presentado el 6 de junio, se desprende que la Madre se conectó oportunamente a la vista celebrada por videoconferencia, mientras que el Padre se conectó de manera tardía cuando conducía un vehículo de motor y estaba acompañado de una persona ajena al pleito. Se decretó un receso, luego del cual, **el Padre no se conectó a la vista**.

El Examinador indicó que los gastos de la menor ascendían a $930.00 mensuales y recomendó que se fijara dicha suma como pensión alimentaria retroactiva al 30 de agosto de 2022. Además, le impuso al Padre el pago de la totalidad de gastos de materiales, uniformes y gastos médicos extraordinarios; la compra de un juego

de cuarto para la menor; y $500.00 por la vista del 5 de octubre de 2022 y la vista del 5 de junio de 2023.

En igual fecha, 6 de junio, el Padre interpuso una *Moción Asumiendo Representación Legal.*

Por su parte, el 8 de junio, la Madre interpuso una *Moción Solicitando Remedio Urgente.* De entrada, informó que, hasta mayo de 2023, el Padre había pagado $1,700.00 de la pensión alimentaria provisional, **por lo cual adeudaba $1,800.00** por tal concepto. Además, debido a la diferencia de $520.00 mensuales entre la pensión provisional y la pensión recomendada por el Examinador, hasta el mes de mayo de 2023 también existiría una deuda adicional, retroactiva, de $5,200.00, para lo cual solicitó que se estableciera un plan de pago y se citara a una vista de desacato.

El 22 de junio, el TPI aceptó la representación legal del Padre. Además, emitió una *Sentencia* en la cual acogió la totalidad de las recomendaciones recogidas en el *Informe* del Examinador (la "Sentencia"). En igual fecha, el TPI señaló la celebración de la vista presencial de desacato para el 6 de julio, que posteriormente fue reseñalada.

El 7 de julio, el Padre presentó una *Moción que Pide Reconsideración al Amparo de la Regla 47 de las de Procedimiento Civil; que Pide Determinaciones de Hechos Adicionales y Conclusiones de Derecho y Otros Extremos* (la "Moción de Relevo"). Expresó que tanto las solicitudes de sanciones de la Madre por el incumplimiento con el descubrimiento de prueba en enero de 2023, así como la imposición de dichas sanciones, incluida la imputación de capacidad económica, ocurrieron sin que antes se acreditara que el Padre, en ese momento sin representación legal, tuviera en su poder el interrogatorio. Aseveró que tampoco surgía de las solicitudes de sanciones de la Madre una acreditación de notificación directa al Padre. Añadió que, aunque el Padre se

conectó de manera tardía a la vista final de fijación de pensión, se reanudó la vista sin que el Padre estuviera presente.

Asimismo, el Padre cuestionó que no se tomara en cuenta su información económica al fijar la pensión, a pesar de que había presentado su PIPE desde el 4 de octubre de 2022, ni se le honrara una reserva de ingresos. Además, sostuvo que no se desprende de los escritos de la Madre o de la determinación del TPI el fundamento jurídico para imputarle capacidad económica como sanción.

El 11 de julio, el TPI le ordenó a la Madre expresarse en torno a la solicitud de reconsideración del Padre en un término de veinte (20) días. Transcurrido dicho término sin que la Madre se expresara, el 1 de agosto, el Padre instó una *Moción Solicitando se de Asunto por Sometido y Otros Extremos*; adujo que la Madre no se opuso oportunamente a su solicitud de reconsideración, por lo cual solicito que el TPI diera por sometido el asunto y acogiera su petitorio.

El 4 de agosto, el TPI emitió una *Resolución* mediante la cual dejó sin efecto la imputación de capacidad económica y la Sentencia (el "Dictamen").

Mientras tanto, en igual fecha, la Madre interpuso su oposición a la Moción de Relevo. En síntesis, afirmó que la conducta del Padre al desatender las órdenes del tribunal e incumplir con el pago de la pensión denotaba falta de respeto al TPI. Además, sostuvo que la Moción de Relevo fue tardía y temeraria debido a que la determinación de imputarle capacidad económica fue decretada en enero de 2023.

Por otro lado, el 7 de agosto, la Madre solicitó la reconsideración del Dictamen. Arguyó que el TPI no podía dejar sin efecto la imputación de capacidad económica del Padre porque dicha determinación no fue cuestionada oportunamente por este y advino "final y firme". El Padre se opuso; planteó que tanto la imputación

de capacidad económica, como la sanción y la Sentencia, adolecían de nulidad por ser producto de una supuesta infracción al debido proceso de ley.

Mediante una Orden notificada el 14 de agosto, el TPI denegó la solicitud de reconsideración de la Madre.

Inconforme, el 13 de septiembre, la Madre presentó el recurso que nos ocupa; formula los siguientes dos (2) señalamientos de error:

> 1. Erró el Tribunal de Primera Instancia al denegar la reconsideración y dejar sin efecto la sentencia en la que se fija una pensión final.

> 2. Erró el Tribunal de Primera Instancia al dejar sin efecto la imputación de capacidad económica en el mes de agosto de 2023 aun cuando la misma fuera impuesta en enero de 2023 sin que hubiera sido reconsiderada ni apelada.

Aunque el recurso se presentó como una "apelación", el mismo fue acogido como una petición de *certiorari*, pues el Dictamen no es una determinación final y apelable, y se ordenó el cambio del alfanumérico asignado al recurso.[1]  Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal revisar las determinaciones de un tribunal de menor jerarquía. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).  Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.  Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.  *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

---

[1] Al presentarse el recurso de epígrafe recibió la siguiente designación alfanumérica KLAN202300811.

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. …

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Examinado cuidadosamente el expediente, a la luz de los criterios de la Regla 40, *supra*, y en el ejercicio de nuestra discreción, concluimos que no procede que intervengamos con el Dictamen.

La determinación del TPI de relevar al Padre de la imputación de capacidad económica y de la Sentencia y, así, ordenar que se refiriera nuevamente el asunto de la pensión final al Examinador, constituye un ejercicio discrecional válido del TPI en cuanto al manejo del caso ante sí. La norma es que, de ordinario, los tribunales apelativos no intervenimos con el manejo de los casos ante el TPI "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. De Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). En este caso, no se demostró que el Dictamen sea resultado de un craso abuso de discreción o de algún error de derecho.

De otra parte, y contrario a lo planteado por la Madre, el TPI tenía autoridad para dejar sin efecto la Orden de 30 de enero mediante la cual le imputó capacidad económica al Padre. Se trata de una determinación interlocutoria que, mientras no se emita una sentencia que advenga final y firme, siempre está sujeta a revisión por el tribunal, independientemente del tiempo que haya transcurrido. Adviértase que, "en nuestra jurisdicción, un juez de instancia no queda atado por sus *determinaciones interlocutorias,*

aun cuando estas no hayan sido objeto de reconsideración". *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR, 608-609 (2000) (Énfasis en el original).

Ahora bien, el récord claramente demuestra que el Padre sí ha incurrido en un patrón de "demora, abandono, obstrucción [y] falta de diligencia en perjuicio de la eficiente administración de la justicia". Regla 85(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 85(c). Ello porque el Padre: (i) no contestó oportunamente el descubrimiento de prueba cursado por la Madre hace casi un año; (ii) no se conectó de forma diligente a un importante señalamiento virtual y, luego de desconectarse, no se volvió a conectar, todo ello sin siquiera haber formulado alguna excusa al respecto al TPI; (iii) no pagó la sanción económica impuesta por el TPI; y (iv) a principios de junio de 2023, el Padre solo había pagado aproximadamente la mitad de la pensión provisional estipulada por las partes varios meses antes. Por todo lo anterior, se le impone al Padre una sanción económica, a favor de la Madre, de $1,000.00.

En la continuación del caso, es de suma importancia que el TPI, con la debida prontitud, vele por (i) el cumplimiento cabal por el Padre con el pago de la pensión provisional estipulada por las partes y (ii) el cumplimiento por el Padre con su obligación de descubrir prueba y (iii) la adjudicación de una pensión final. Asimismo, dicho foro deberá utilizar todas las medidas a su alcance para sancionar debidamente el incumplimiento de cualquiera de las partes con sus obligaciones en este caso.[2]

---

[2] Existen dos instancias en las cuales **se imputan ingresos** a la parte alimentante: cuando se niega a descubrir prueba y cuando reduce intencionalmente su capacidad económica con el propósito de evadir su responsabilidad de alimentar. Véase Artículo 11 de la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 510; Artículo 10 del Reglamento Núm. 8529, del 30 de octubre de 2014, según enmendado, conocido como las Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico.

KLCE20230101310

IV.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*   Se le impone una sanción económica al Sr. David Omar Roja Rosas de $1,000.00, a favor de la Sa. Karoline Linnette Pérez, la cual deberá ser satisfecha en o antes de los 20 días siguientes a la notificación de esta Resolución.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones